(Superior Court of Cincinnati—*General Term.*)

CLINTON CRANE AND J. O. COLE, PARTNERS AS C. CRANE & Co. *v.* FRANK BUCKLES ET AL.

1. Under the circumstances as set forth in the following opinion, the ambiguous designation of the length of certain lines upon the plat of the subdivision of Carrsville, in the city of Cincinnati may be made certain by reference to the deeds made by the grantor and conveying with reference to said plat.
2. The street or alley lying south of Eastern avenue and lying between Brooklyn street and Hazen street is 16 feet in width, and its northern side is 121 feet south of Eastern avenue.

(Decided October, 1894.)

SMITH, J.

Plaintiffs aver that they are the owners of lots 1, 2 and 3, in the subdivision of Carrsville, in the city of Cincinnati; that lot 1, fronting on Front street in said city, runs south towards the river, and then east in the shape of the letter L; and that lots 2 and 3 are two of fifteen lots of 25 feet each, fronting on Front street and extending east; that a dedicated street beginning on Front street extends L-shaped between lots 1 and 2 on the east and west, and between lots 1 and 2 to 16 on the south and north.

They further aver that the defendants, who are the owners of lots 4 to 16 (inclusive) are obstructing and appropriating that part of said street which lies south of them, and pray for a restraining order and perpetual injunction against them from so acting.

The defendants admit the ownership of the lots by plaintiffs and themselves, as alleged in the petition, but deny that they are obstructing or appropriating any part of said street lying south of their lots; but aver that they are in the lawful possession and enjoyment of their own property; but that plaintiffs themselves are obstructing said street and attempting to close it, and defendants in turn pray for an injunction against plaintiffs to prevent them from so acting.

The case has been reserved here upon a bill of evidence. The evidence is voluminous, and the case has been argued at length with a multitude of citations.

The whole controversy, however, turns upon the question as to the proper location of the east wing of the L-shaped street as heretofore referred to, which it is admitted by both sides is 16 feet wide. The plaintiff contends that the northern line of this street is 105 feet from Front street, and the southerly line 121 feet from the same street. Whereas, the defendants contend that the street is just 16 feet south of this location claimed by plaintiffs to be the true one.

The subdivision of Carrsville was made in 1830, and is evidenced by a plat made by Francis Carr, and recorded in the Recorder's Office of Hamilton County. The plat appears to have been made in November, 1830, to have been acknowledged December 15, 1830, and recorded March 1, 1831.

The first deed made of lots No. 1 to 16 was made of lot No. 1 by deed dated Nov. 1, 1830, and recorded Aug. 22, 1831. This deed was from Francis Carr, and Mary Ann, his wife, to Burton Hazen, and is the deed under which the plaintiffs in this case claim title to lot No. 1. This deed describes the lot as follows: "Beginning at the intersection of the turnpike road and West street, and from thence running eastwardly on the turnpike road one hundred feet to a sixteen foot alley; thence southwardly on said alley 137 feet to the southern termination of said alley, thence eastwardy on the

south line of said alley (which makes an elbow at this point), 391 feet, more or less, to the market space, etc., etc."

It thus appears from the description of the property conveyed by this deed, viz.: lot No. 1, now owned by plaintiffs, who trace their title and ownership through this deed, that the sourthern line of this street is not as plaintiffs claim it to be, but on the contrary that it corresponds precisely with the defendants' claim as to its location.

The first deed of lot No. 2 was made by Francis Carr to Linius Hazen by deed dated June 7, 1831, recorded May 19, 1832; and the first deed of lot No. 3 was made by Francis Carr to Ebenezer H. Fillmore, by deed dated June 7, 1831, and recorded August 18, 1838.

These deeds, in describing the lots conveyed, recite that they convey "all that certain lot of land situate, lying and being in the town of Carrsville, in the county and state aforesaid, being lot (No. 2 or No. 3), as laid down and designated on the recorded plat of said town of Carrsville, which said lot (No. 2 or No. 3) is twenty-five feet wide and extends from the turnpike road southwardly one hundred and twenty-one feet to a sixteen-foot alley."

It thus appears that from the deeds through which the plaintiffs made title to lots 2 and 3, the northern line of this street is located, not as they claim it to be, but as contended by the defendants.

It also appears that all the deeds made by Francis Carr to the remaining lots, viz.: 4 to 16 inclusive, also described the lots as "running southwardly one hundred and twenty-one feet to a sixteen-foot alley."

From the deeds, therefore, from Francis Carr of all the lots in this subdivision, including those under which the plaintffffs claim title, the location of the east wing of the street is as the defendant's claim, viz.: the northerly line is 121 feet south, and the southerly line 137 feet south of Front street.

In view of this conclusive evidence as to the intention of Francis Carr in the location of the street, and of the fact that plaintiffs claim title to their property under deeds so locating it, the claim made by plaintiffs that this location is erroneous, and that the proper location is one 16 feet further north, by which they would acquire a strip of ground 16 by 375 feet more than the deed of lot No. 1 from Francis Carr calls for, and by which the owners of lots 2 to 16, inclusive, would each have 16 by 25 feet less ground on the south sides of their lots than the deeds from Francis Carr convey, is one that must naturally excite surprise.

The claim is based solely and exclusively upon the fact that on the recorded plat of Carrsville, the line which in the deed of lot No. 1 is described as running 137 feet south is marked 121 feet in red ink upon that part of the line which is above the street, and which is 121 feet in length. The plaintiffs claim that this mark of 121 feet is intended to describe the length of this entire line, which is therefore 121 feet and not 137 feet; and that as the depth of lots 2 to 16, inclusive, is not marked on the plat, they must necessarily be 16 feet less than 121 feet, making such depth 105 feet; and that the deeds heretofore referred to can not be considered in connection with this plat, because to so consider them would be to contradict the plat, a contradiction which the law will not permit.

It may be assumed, so far as this case is concerned, that if a subdivision is made and recorded, and the plat of the lots erroneously numbers the lengths of the lines, and the party making such subdivision deeds the property with reference to such erroneous numbering, and his grantees in reliance upon the deed and plat act upon the presumption that their lines are as erroneously described, that the grantor and his assignees might be estopped to afterwards set up such error against such grantees. But this case affords no opportunity for the application of this principle.

In the first place, it is not at all clear, looking only at the plat itself, that the 121 feet refers to the entire line; because the fact that the numbering is upon that part of the line which is just 121 feet in length, and the fact that no depth is given to lots 2 to 16, inclusive, at once puts one upon inquiry as to what length of line is intended to be described by such numbering. It is an ambiguity at most, and we see no reason why the deeds made by the grantor and conveying with reference to this plat, can not be considered in connection with the plat for the purpose of removing this ambiguity and showing the real intention of the grantor; and especially ought this to be permitted as against these plaintiffs, in view of the fact that the plaintiffs in this case have in no way been misled to believe that such line was only 121 feet; and in view of the fact that their deeds recognize such line as 137 feet in length; and in view of the fact that all the owners of the lots 1 to 16, inclusive, did for nearly 50 years act upon the belief that such line was 137 feet.

In view of all these circumstances, we regard the claim of plaintiffs as the assertion of the merest technicality against the acquired and vested rights of all the grantees of Francis Carr; and that they have failed to sustain their claim either in law or equity.

The petition will, therefore, be dismissed and relief afforded to defendants upon their cross-petitions.

MOORE and HUNT, JJ., concurred.

(Affirmed by Supreme Court, October 30, 1894.)

*C. W. Baker*, for plaintiff.

*Joseph W. O'Hara*, and *Paxton, Warrington & Boutet*, for defendants.